IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LEWAYNE MARCUS MICKLES,

        Plaintiff,

vs.                                              Case No. 21-3023-SAC

MICHAEL STEELE, JEREMIAH T. HERR
and JOSEPH CHAIHARR,

        Defendants.

**O R D E R**

Plaintiff, pro se, has filed this action alleging a violation of his constitutional rights by the alleged use of excessive force by three Kansas City, Kansas police officers during an arrest. Plaintiff brings this case pursuant to 42 U.S.C. § 1983.[1] This case is before the court for the purposes of screening pursuant to 28 U.S.C. § 1915A.

I. Screening standards

Section 1915A requires the court to review cases filed by prisoners seeking redress from a governmental entity or employee to determine whether the complaint is frivolous, malicious or fails to state a claim upon which relief may be granted. A court liberally construes a pro se complaint and applies "less stringent

---

[1] Title 42 United States Code Section 1983 provides a cause of action against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage of any State . . . causes to be subjected, any citizen of the United States . . . to the deprivation of by rights, privileges, or immunities secured by the Constitution and laws [of the United States]."

1

standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007). But, a pro se litigant is not relieved from following the same rules of procedure as any other litigant. See Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992). Conclusory allegations without supporting facts "are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

When deciding whether plaintiff's complaint "fails to state a claim upon which relief may be granted," the court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The court accepts the plaintiff's well-pled factual allegations as true and views them in the light most favorable to the plaintiff. United States v. Smith, 561 F.3d 1090, 1098 (10th Cir. 2009). The court may also consider the exhibits attached to the complaint. Id. The court, however, is not required to accept legal conclusions alleged in the complaint as true. Iqbal, 556 U.S. at 678. "Thus, mere 'labels and conclusions' and 'a formulaic recitation of the elements of a cause of action' will not suffice" to state a claim.

Khalik v. United Air Lines, 671 F.3d 1188, 1191 (10th Cir. 2012) (quoting Twombly, 550 U.S. at 555).

A viable § 1983 claim must establish that each defendant caused a violation of plaintiff's constitutional rights. Walker v. Mohiuddin, 947 F.3d 1244, 1249 (10th Cir. 2020)(quoting Pahls v. Thomas, 718 F.3d 1210, 1228 (10th Cir. 2013)).

> Plaintiffs must do more than show that their rights were violated or that defendants, as a collective and undifferentiated whole, were responsible for those violations.  They must identify specific actions taken by particular defendants, or specific policies over which particular defendants possessed supervisory responsibility…

Id. at 1249-50 (quoting Pahls); see also, Robbins v. State of Oklahoma, 519 F.3d 1242, 1250 (10th Cir. 2008)("a complaint must make clear exactly who is alleged to have done what to whom").

II. Plaintiff's complaint

Plaintiff alleges that on January 31, 2019 he was pursued on foot by police in the vicinity of a Taco Bell in Kansas City, Kansas.  Plaintiff dove into the drive-thru window of the restaurant.  He was restrained in a bear hug by a store employee. Plaintiff alleges in Count I that defendant Michael Steele, a KCK police officer, reached plaintiff in the Taco Bell and punched plaintiff in the face three or four times with a closed fist while using profanity.  Plaintiff further alleges that defendant Steele and defendants Herr and Chaiharr (who also are KCK officers) "pounced on my back causing injury along with four other officers

3

unknown at this time.  Plaintiff alleges a lung injury in Count II by defendants Steele and Herr.  In Count III, plaintiff alleges injury by the three defendants "that le[]d to a heart attack and blood clots on lungs in August 2019."

III. Screening

The Tenth Circuit has held that law enforcement may display force, place suspects on the ground, and use handcuffs to protect their personal safety and maintain the status quo.  Cortez v. McCauley, 478 F.3d 1108, 1130 (10th Cir. 2007).  This, however, does not excuse an excessive degree of force.  Id.

Recently, the Tenth Circuit cited the following passage from Casey v. City of Fed. Heights, 509 F.3d 1278, 1281 (10th Cir. 2007) for standards to apply to an excessive force claim in an arrest situation:

> The Fourth Amendment forbids unreasonable seizures, including the use of excessive force in making an arrest. To determine whether the force used in a particular case is excessive "requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." Graham v. Connor, 490 U.S. 386, 396, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989) (internal quotation marks omitted). The ultimate question "is whether the officers' actions are objectively reasonable in light of the facts and circumstances confronting them." Id. at 397, 109 S.Ct. 1865 (internal quotations marks omitted). This determination "requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or

4

attempting to evade arrest by flight." <u>Id.</u> at 396, 109 S.Ct. 1865.

<u>Hooks v. Atoki</u>, 983 F.3d 1193, 1200 (10th Cir. 2020).  The Tenth Circuit has also held that "initial resistance does not justify the continuation of force once the resistance ceases." <u>McCoy v. Meyers</u>, 887 F.3d 1034, 1051 (10th Cir. 2018).

The court has examined the complaint and the exhibits filed with the complaint.  Plaintiff's exhibits are annotated with comments which are somewhat unclear.  The court considers the exhibits for context but declines to rely upon plaintiff's commentary in the margins or between lines to augment the complaint's allegations.

From the complaint and the exhibits filed with the complaint, it appears that plaintiff was being pursued in connection with serious crimes and that he was attempting to evade arrest.[2]  The complaint cites the following statement attributed to defendant Steele:  "Officer Steele stated that the suspect began [to] pull away from him, and due to [the] immediate need to take the suspect into custody for fear[] of others['] safety due to the violent crimes the suspect committed he (Officer Steele) delivered 3-4 hand strikes to suspect's face."  Doc. No. 1, p. 7.

---

[2] Exhibits to the complaint indicate that the police were investigating a stolen police cruiser that had been wrecked and abandoned, and that they were flagged down in the Taco Bell parking lot by a woman accusing plaintiff of attempting to steal her vehicle and taking twenty dollars.

Plaintiff makes general accusations that defendant Steele acted deliberately and maliciously to cause harm and violate plaintiff's constitutional rights. Plaintiff broadly claims "police brutality" and "sadistic intent." Plaintiff also states that he did not hit any policeman or anyone else.

The court concludes that plaintiff does not allege sufficient facts, as opposed to legal conclusions, to make a plausible claim of excessive force against any named defendant. From the facts alleged in the complaint it appears that serious crimes were suspected, an immediate threat was posed by plaintiff's flight and resistance, and this resistance continued as police approached him and attempted to place him in custody.

IV. Conclusion

The facts alleged in the complaint fail to state a plausible claim of excessive force against the three named defendants. The court shall grant plaintiff time until May 26, 2021 to show cause why this case should not be dismissed or to file an amended complaint which states sufficient facts to describe plausible constitutional claim.

**IT IS SO ORDERED.**

Dated this 26th day of April 2021, at Topeka, Kansas.

s/Sam A. Crow_____
U.S. District Senior Judge