IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LEWAYNE MARCUS MICKLES,

     *Plaintiff*,

     vs.

     Case No. 21-3023-EFM

MICHAEL STEELE, *et al*.,

     *Defendant*.

**MEMORANDUM AND ORDER**

LeWayne Marcus Mickles alleges that Kansas City, Kansas Police officers Michael Steel, Jeremiah Herr, and Joseph Chaibarr used excessive force during his January 31, 2019 arrest. He also raises state law claims for assault and battery against the officers, who have moved to dismiss the action. (Doc. 14). Defendants argue the state law claims are time-barred and by the failure to give a notice of claim required by state law.[1] They contend they are qualifiedly immune to the claim of excessive force.

Plaintiff has filed no response to Defendants' motion to dismiss. Local Rule 7.4(b) provides:

> Absent a showing of excusable neglect, a party or attorney who fails to file a responsive brief or memorandum within the time specified in D. Kan. Rule 6.1(d) waives the right to later file such brief or memorandum. If a responsive brief or memorandum is not filed within the D. Kan. Rule 6.1(d) time requirements, the

---

[1] K.S.A. § 12-105b.

court will consider and decide the motion as an uncontested motion. Ordinarily, the court will grant the motion without further notice.

This Court has recognized that the text of Rule 7.4(b) authorizes the Court to grant a dispositive motion "without further discussion."[2] Because untimeliness alone will not justify a dismissal under this provision, the Court reviews the underlying motion to determine whether it possesses merit.[3]

## I.        Factual and Procedural Background

According to Plaintiff's Amended Complaint, he was burglarizing a car at the Taco Bell in Kansas City, Kansas when police officers arrived.  He ran around the restaurant and dove into the drive-through window.   According to the Complaint, one of the restaurant's employees grabbed him and held him in a bear hug.  Plaintiff alleges that at his point, he surrendered, and it was unnecessary for Steele to hit him, or for the three officers to hold him pinned to the ground with their knees.

Plaintiff complains that he suffered serious injuries as a result, with bruising to his lungs and a heart attack.  The records attached to his Complaint indicate that Plaintiff complained of pain at the scene, but the EMS technician at the scene said he was fine.  After Plaintiff continued to complain of pain, he was taken to KU Medical Center.  The discharge note reports a lung contusion, hypertension, marijuana abuse, and "[i]ngestion of unknown drug."  A subsequent

---

[2] *Bigler v. U.S. Bank Tr.,* 2017 WL 2362087, at *1 (D. Kan. 2017).

[3] *See Ellison v. English*, 2019 WL 3716448, at *1 (D. Kan. 2019) ("the Tenth Circuit has directed that a district court may not grant a motion to dismiss or a motion for summary judgment based solely on the plaintiff's failure to respond") (citing *Issa v. Comp USA*, 354 F.3d 1174, 1177-78 (10th Cir. 2003)).

examination on March 12, 2021 reports that in "August 2020 [Plaintiff had] heart attack related to blood clots in both lungs" — that is, a year and a half after the arrest.

Plaintiff's original Complaint contains some details omitted from his subsequent pleading. There, Plaintiff states that officers were chasing him in connection with a stolen police cruiser that had been wrecked an abandoned. He also indicates that the car he tried to steal at the Taco Bell was occupied at the time by a woman, that he robbed the woman of twenty dollars, and it was this woman who flagged down the investigating officers.

## II.    Legal Standard

Under Rule 12(b)(6), a defendant may move for dismissal of any claim for which the plaintiff has failed to state a claim upon which relief can be granted. Upon such motion, the court must decide "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'"[4] A claim is facially plausible if the plaintiff pleads facts sufficient for the court to reasonably infer that the defendant is liable for the alleged misconduct.[5] The plausibility standard reflects the requirement in Rule 8 that pleadings provide defendants with fair notice of the nature of claims as well the grounds on which each claim rests.[6] Under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint, but need not afford such a

---

[4] *Ridge at Red Hawk, L.L.C. v. Schneide*r, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[5] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

[6] *See Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (citations omitted); *see also* Fed. R. Civ. P. 8(a)(2).

presumption to legal conclusions.[7]  Viewing the complaint in this manner, the court must decide whether the plaintiff's allegations give rise to more than speculative possibilities.[8]

Public officers enjoy a qualified immunity to suit under § 1983, which applies unless their conduct was unreasonable in light of clearly established law.  "If the law at the time did not clearly establish that the officer's conduct would violate the Constitution, the officer should not be subject to liability or, indeed, even the burdens of litigation."[9]

Once a defendant has asserted qualified immunity, the burden is on the plaintiff to prove (1) the officer violated a federal constitutional or statutory right, and (2) that the right was clearly established at the time of the unlawful conduct.[10] A right is "clearly established" if Supreme Court or Tenth Circuit precedent (or the weight of authority from other circuits) would put reasonable officers in the defendants' position on notice they were violating the constitution.[11] The law must be "sufficiently clear that every reasonable official would have understood that what he is doing violates that right."[12] This does not require the existence of a case exactly on point,[13] but does require that the existing caselaw be sufficiently clear to place the constitutional

---

[7] *Iqbal*, 556 U.S. at 678.

[8] *See id*. ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.") (citation omitted).

[9] *Brosseau v. Haugen*, 543 U.S. 194, 198 (2004).

[10] *Saucier v. Katz*, 533 U.S. 194, 201 (2001), overruled on other grounds by *Pearson v. Callahan*, 555 U.S. 223, 236 (2009)

[11] *Carabajal v. City of Cheyenne*, 847 F.3d 1203, 1210 (10th Cir. 2017).

[12] *Mullenix v. Luna*, 577 U.S. 7, 11 (2015) (citation omitted).

[13] *Hope v. Pelzer*, 536 U.S. 730, 741 (2002).

4

issue "beyond debate."[14] "Put simply, qualified immunity protects 'all but the plainly incompetent or those who knowingly violate the law.'"[15]

The Court has the discretion to determine the order in which these requirements are addressed;[16] immunity exists if either element is absent.[17]  Only when a plaintiff satisfies this heavy burden must the defendant then satisfy the traditional summary judgment standard.[18]  In determining whether the law was clearly established, the dispositive question is "whether the violative nature of *particular* conduct is clearly established," which "must be undertaken in light of the specific context of the case, not as a broad general proposition."[19]

Plaintiff's claims of excessive force are reviewed under the Fourth Amendment's objective reasonableness standard.[20]  This standard requires balancing "'the nature and quality of the intrusion on the individual's Fourth Amendment interests against the importance of the governmental interests alleged to justify the intrusion.'"[21]  Reasonableness is evaluated in light of all the circumstances of the case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether the suspect is actively resisting or attempting to evade arrest by flight.[22]  The "[u]se of excessive force is an area of the law in which the result depends very much on the facts of each case, and thus police

---

[14] *White v. Pauly*, 137 S.Ct. 548, 551 (2017).

[15] *Mullenix*, 577 U.S. at 12 (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)).

[16] *Pearson*, 555 U.S. at 236.

[17] *Medina v. Cram*, 252 F.3d 1124, 1128 (10th Cir. 2001) (citation omitted).

[18] *Estate of Ceballos v. Husk*, 919 F.3d 1204, 1212 (10th Cir. 2019)

[19] *Mullenix*, 577 U.S. at 12 (citations and quotation marks omitted) (emphasis in *Mullenix*.)

[20] *Graham v. Connor*, 490 U.S. 386, 388 (1989).

[21] *Scott v. Harris*, 550 U.S. 372, 383 (2007) (quoting *United States v. Place*, 462 U.S. 696, 703 (1983)).

[22] *Thomson v. Salt Lake Cty.*, 584 F.3d 1304, 1313 (10th Cir. 2009) (citing *Graham*, 490 U.S. at 396).

officers are entitled to qualified immunity unless existing precedent squarely governs the specific facts at issue."[23]

### III.    Analysis

Plaintiff's state law claims are subject to dismissal as both untimely and for lack of notice.  Plaintiff's Original complaint was filed on January 1, 2021, alleging various state law claims based on an event which occurred January 31, 2019.  This is well beyond the one-year statute of limitations for intentional torts.[24]  Further, Plaintiff makes no representation that he complied with K.S.A. § 12-105b, which requires as a condition for suit prior notice to a municipality of claims against it or its employees. Where no such notice is given, a district court lacks subject matter jurisdiction to hear the plaintiff's state law claims.[25]

Plaintiff's claim of excessive force is barred by qualified immunity. Although Plaintiff claims that he had surrendered at the time of the arrest, there was ample reason for the officers to use some degree of limited force.  The officers were investigating serious crimes, which included not only the theft and destruction of a police cruiser, but violent crimes, in light of the robbery and apparent carjacking reported by the woman in the Taco Bell parking lot.   And officers, having chased Plaintiff to, around, and into the Taco Bell, had strong reason to suspect that further flight was likely if Plaintiff was given any window of opportunity. Although Plaintiff complains of injuries from the incident, the medical records do not attribute these to any use of force by Defendants.  Given the seriousness of the offenses involved, and Plaintiffs repeated and

---

[23] *Kisela v. Hughes*, 138 S. Ct. 1148, 1153 (2018) (internal quotation marks and citation omitted).

[24] K.S.A. § 60-514 (setting forth a one year statute of limitations for assault and battery).

[25] *Farmer v. Stafford Cty. Hosp.*, 2019 WL 718786, at *3 (D. Kan. Feb. 20, 2019).

energetic attempts to avoid arrest, some use of force was reasonable. As noted earlier, it is Plaintiff's burden to show why qualified immunity does not exist. He has not done so, or even attempted to do so.

Because the Court finds no Fourth Amendment violation under the first prong of the qualified immunity standard, it need not resolve the second—whether the officers' actions under the circumstances of the case violated clearly-established caselaw.

**IT IS THEREFORE ORDERED** that the Motion to Dismiss of Defendants (Dkt. 14) is **<u>GRANTED</u>**.

**IT IS SO ORDERED.**

Dated this 12th day of January, 2022.

This case is closed.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE

7